## WRIGHT *v.* JOHNSON ET AL., EX'RS.

VARIANCE AND AMENDMENT.—To an action upon a promissory note, the defendant answered that he was a resident of the District of Columbia, and by the law of that district the action was barred by the statute of limitations, setting out the statute. On the trial, the statute offered in evidence was a statute of the State of Maryland, adopted by an act of Congress, and made applicable to that part of the District of Columbia where the defendant resided. The court excluded the evidence on the ground of variance. The defendant then asked leave to amend so as to avoid the variance.

*Held,* that there was no material variance.

*Held,* also, that the defendant should have been allowed to amend.

From the Cass Circuit Court.

Wright *v.* Johnson *et al.,* Ex'rs.

*D. P. Baldwin,* for appellant.

DOWNEY, J.—Suit by the appellees, as executors, upon a promissory note, alleged to be lost, executed by the defendant to the plaintiffs' testator.

Answer: 1. A general denial; 2. Payment; 3. "He says he is now, and has been for ten years, a resident of the District of Columbia, in the United States; that ever since his residence and now there is in force a law of said district regarding the limitation of actions, which reads as follows : 'Actions shall be brought within the following times from the date of the accruing of the cause thereof: upon all accounts within one year ; upon all bonds and instruments under seal, within five years from the maturity thereof ; upon all promissory notes and instruments not under seal, within three years from the maturity thereof, and not afterward ;' and defendant says the action is fully barred by the law of the district in which he is a resident, and therefore fully barred here and elsewhere ; wherefore," etc.

Reply in denial of the second and third paragraphs of the answer.

Trial by the court, and finding for the plaintiffs. Motion for a new trial overruled, and judgment.

The errors assigned are:

1. Overruling the motion for a new trial ; and,

2. Refusing to allow the defendant, on the trial, to amend the third paragraph of his answer, to avoid a variance between it and the statute of limitations offered in evidence.

The point relating to the refusal to allow the amendment to the third paragraph of the answer is a ground of the motion for a new trial, and is therefore properly embraced in the first assignment of error. This is the only question discussed in the case. On the trial, the defendant offered in evidence the statute of limitations of Maryland, and in connection with it an act of Congress adopting the statute of limitations of Maryland for that part of the district ceded by Maryland, and also proved that his residence had been in that part of the district.

Objection was made by the plaintiffs to the introduction of

the statute of Maryland, on the ground of variance, and the objection was sustained.

The defendant then asked leave to amend the third paragraph of his answer so as to avoid the variance, which was refused by the court.

The period of limitation in the Maryland act of limitations corresponded with that stated in the third paragraph of the answer of the defendant.

It seems to us that after the law of limitation of actions of Maryland was expressly adopted by act of Congress, and made applicable to, or continued in force in, that part of the District of Columbia ceded by Maryland, there was no material variance in describing it as in the third paragraph of the answer. It was, in effect, the law of that part of the district when thus adopted. The amendment should have been allowed. 3 Ind. Stat. 373.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

Biddle, J., was absent.